UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JESSE STAPLES** | **CASE NO. 6:20-CV-00192** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TAYLOR INTERNATIONAL SERVICES INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

The present matter before the court is the Motion for Partial Summary Judgment (Credit) [ECF No. 54] filed by defendant Taylors International Services, Inc. and Taylors International Services FZ, LLC. Plaintiff Jesse Staples opposes the Motion.[1] After considering the summary judgment record, the parties' arguments, and the relevant authorities, the Court denies the Motion for Partial Summary Judgment for the reasons stated below.

### I.
### BACKGROUND

Plaintiff Jesse Staples brings this suit against Taylors, his former employer, for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102, *et seq.*[2] The full background of this case was already detailed in the Court's ruling on Taylor's Motion for Summary Judgment and will not be repeated here.[3] The Court will instead focus on the facts pertinent to the instant Motion for Partial Summary Judgment. In 2015, Staples and his immediate supervisor, Barry Johnson (Taylors' Chief Operating Officer), traveled to Iraq to conduct an inventory and to meet with Jamie Williams, Taylors' President of Operations

---

[1] ECF No. 64.
[2] Staples' Complaint additionally sets forth a claim for failure to accommodate under the ADA. However, in his Opposition to Defendants' Motion for Summary Judgment, Staples expressly withdraws that claim. ECF No. 65 at 5.
[3] ECF No. 72.

1

for Europe, the Middle East, and Asia.[4] This trip to Iraq appears to have triggered mental and physical health-related issues rooted in Staples' prior military service. From 2001 to 2004, Staples served in the United States Army and was deployed to Iraq during the invasion phase of the Iraq War.[5] During this deployment, Staples suffered several head injuries during combat and endured prolonged, traumatic combat-related experiences.[6] Staples testified that, although he had returned to Iraq previously with a different employer without incident, the 2015 trip on behalf of Taylors was different.[7] Specifically, unlike his prior travels, he and Johnson were in the exact same location where Staples had previously been in combat.[8] There was also gunfire nearby and they were unarmed with no security and were traveling in an unarmored vehicle.[9] Staples and Johnson also had to walk past Iraqis in military uniforms and were told that there had been sniper fire on the U.S. Embassy days prior to their arrival.[10] Following the trip, Staples' symptoms from his prior brain injuries worsened, and his mental health symptoms increased. In September 2017, Staples began seeking treatment.[11] Ultimately, Staples was diagnosed with PTSD and TBI, both of which were related to his combat service in Iraq.[12]

Staples contends that he continued to seek treatment and requested accommodations from Taylors with respect to travel. Staples alleges that his relationship with his supervisors and Taylors deteriorated after he sought accommodation for his disabilities in 2018. On August 16, 2018, Taylors notified Staples that his employment contract would not be renewed when it expired on

---

[4] *Id.* at 47; ECF No. 65-2 at 68.
[5] ECF No. 55-4 at 39-40.
[6] *Id.* at 40-41; ECF No. 65-2 at 48.
[7] ECF No. 55-4 at 47-48.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 41-44.
[12] ECF No. 65-2 at 47-48. Staples' PTSD is characterized by intrusive recollections, avoidance, inability to sleep, exaggerated startle response, nightmares, mood disturbance and anxiety features. *Id.*; *see also* ECF No. 65-2 at 68.

September 15, 2018, and that his last day with Taylors would be September 15, 2018.[13] The only reason Taylors provided to Staples for his termination was that Staples' employment contract had expired and Taylors had decided not to renew it.[14]

In addition to the present suit, Staples filed a claim with the U.S. Department of Labor under the Defense Base Act ("DBA"), 42 U.S.C. §§ 1651, *et seq.*, alleging that his 2015 trip to Iraq triggered his PTSD symptoms.[15] Staples and Taylors' insurance carrier (CNA Casualty of California) ultimately entered into a "Section 8(i)" settlement of Staples' DBA claims.[16] On July 8, 2022, the Department of Labor issued a claims determination approving the settlement.[17] The terms of the settlement included a "[l]ump sum of $160,000.00 for compensation benefits" and a "[l]ump sum of $25,000.00 medical benefits."[18] The Department's findings did not include a breakdown of the settlement as far as past and future wages (or the timeframe of any wage award), nor does the summary judgment record include a copy of a final settlement agreement. In the present motion, Taylors contends that it is entitled to a "credit" for the amount of the DBA settlement against any claim in the present case for past or future wages.

## II.
## SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[19] "A genuine issue of

---

[13] *Id.* at 395-96; *id.* at 21.
[14] ECF No. 55-4 at 21; ECF No. 65-2 at 38-39.
[15] ECF No. 54-8.
[16] ECF No. 54-5 at § 6.
[17] ECF No. 54-9.
[18] *Id.* at 2.
[19] FED. R. CIV. P. 56(a).

3

material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[20] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[21]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[22] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[23] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[24]

### III.
### DISCUSSION

The DBA extends workers' compensation coverage under the Longshore and Harbor Workers' Compensation Act (LHWCA) to "employees of American contractors engaged in

---

[20] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[21] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[22] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).
[23] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).
[24] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

4

construction related to military bases in foreign countries, and to foreign projects related to the national defense whether or not the project is located on a military base."[25] The purpose of the DBA's extension of coverage is to provide "a uniform, federal compensation scheme for civilian contractors and their employees for injuries sustained while providing functions under contracts with the United States outside its borders."[26] As explained by the Fifth Circuit, the DBA "represents a compromise between employees and their employers" in that employers "relinquish[] their defenses to tort actions in exchange for limited and predictable liability," and "[e]mployees accept the limited recovery because they receive prompt relief without the expense, uncertainty, and delay that tort actions entail."[27] Reflecting this compromise, the DBA "includes a provision making an employer's liability under the workers' compensation scheme exclusive." Accordingly, if an injury is covered under the DBA, an employee is "generally precluded from pursuing a tort claim against his employer to recover for the same injury."[28]

In the present case, Taylors argues that the DBA Section 8(i) settlement agreement between Taylors and Staples includes an award for past and future lost wages and that, accordingly, Staples is not entitled to a double recovery of the same lost wages in the present case. While the Court agrees that Staples is not entitled to a double recovery of lost wages, Taylors has not established that it is entitled to summary judgment on this question. First, the injuries at issue in Staples' DBA case and the present case are different. In the DBA case, Staples alleges injuries arising from the 2015 trip to Iraq which, he contends, triggered PTSD symptoms. The present case alleges injuries

---

[25] *AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1112 (5th Cir. 1991).
[26] *Fisher v. Halliburton*, 667 F.3d 602, 610 (5th Cir. 2012).
[27] *Id.* (quoting *Morrison–Knudsen Constr. Co. v. Dir., Office of Workers' Comp. Programs*, 461 U.S. 624, 636 (1983)).
[28] *Id.* (citing *Flying Tiger Lines, Inc. v. Landy,* 370 F.2d 46, 52 (9th Cir.1966)) In *Flying Tiger Lines*, the court observed that "the coverage provisions of the Defense Base Act clearly evidence the intent that the act shall afford the sole remedy for injuries or death suffered by employees in the course of employments which fall within its scope." *Id.*

arising from Staples' alleged wrongful termination in violation of the ADA in 2018. While there is some factual overlap in relationship between the two cases, they are grounded on different incidents that occurred over three years apart. To the extent that lost wages are a remedy for both claims, given the different nature of the claims and the different time frames, it is unclear that the lost wage claims in both cases would precisely overlap.[29]

Second, Taylors has not established that it is entitled to a credit for lost wages as a matter of law based on the summary judgment record. To support its claim for a credit, Taylors points to the Order and Findings of Fact issued by the Department of Labor and excerpts from the deposition testimony of Tarik Masri, Taylors' CEO.[30] However, the Department of Labor's Findings of Fact simply state a "lump sum" for compensation benefits without any detail as to the components of that compensation, including the extent to which that compensation includes an award for front pay and back pay.[31] In his declaration, Mr. Masri states that "$160,000 of the total settlement funds paid to or on behalf of Taylors will be allocated to past and future wages . . . ."[32] Critically, however, the summary judgment does not include a final settlement agreement and any other support for this allocation. Indeed, Mr. Masri's declaration states that "the language of the formal settlement agreement is still being negotiated . . . ."[33] Accordingly, the summary judgment record does not support, as a matter of law, a ruling that $160,000 of Staples' DBA claim settlement represents an award of future and past lost earnings and that this amount must be credited against Staples' wage

---

[29] Citing Staples' wage loss allegations in connection with his DBA case and the present case, Taylors argues that the wage claims in both cases cover the same timeframe. However, without an allocation, the Court cannot determine the extent to which any lost wage award in connection with Staples' DBA case corresponds to the wage claims in the present case. While there is likely an overlap, Taylors has not established the extent of that overlap as a matter of law.

[30] ECF No. 54-9; ECF No. 54-4.

[31] ECF No. 54-9.

[32] ECF No. 54-5 at § 6.

[33] *Id.*

claims in the present case. While Taylors may ultimately be entitled to some credit for a wage award in connection with Staples' DBA settlement, this credit must be based on a complete evidentiary record.

In sum, the Court denies Taylors' Motion for Partial Summary Judgment without prejudice. Taylors may re-urge its arguments with respect to a credit at a later stage of the proceeding based on a more complete evidentiary record.

## IV.
### CONCLUSION

For the reasons state herein, the Court DENIES Taylors' Motion for Partial Summary Judgment (Credit) [ECF No. 54] without prejudice.

THUS DONE in Chambers on this 9th day of August, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE